UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
-----------------------------------------------------------------------------
ELISE BOOKMAN,

                                    Plaintiff,

      -against-

THE CITY OF NEW YORK and
DETECTIVE KUSH GREENE,

                                Defendants.
-----------------------------------------------------------------------------

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

**15-CV 03448 (WFK)(ST)**

Plaintiff, ELISE BOOKMAN, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ELISE BOOKMAN, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws and the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, DETECTIVE KUSH GREEN, was a duly sworn member of said department and was acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each of all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about December 2, 2014 at approximately 9:30 a.m., plaintiff ELISE BOOKMAN, was lawfully present at the 63rd precinct at 1844 Brooklyn Avenue in Kings County in the State of New York.

14. Plaintiff went to the 63rd precinct to pick up the belongings of Troy Battle, who was in custody at the 63rd Precinct at the time and who had been arrested on charges of Petit Larceny and Criminal Possession Stolen Property stemming from an incident occurring on or about November 10, 2014.

15. Plaintiff arrived at the Precinct and informed members of the NYPD that she was there to pick up property of Troy Battle.

16. While Plaintiff was giving her information to members of the NYPD, she was told that she would have to wait for Detective Greene to return to the precinct before she could get Mr. Battle's property.

17. Thereafter, Detective Kush Greene walked into the waiting area of the Precinct from outside.

18. At this time, Plaintiff, also in the waiting area, introduced herself to Detective Greene and informed him that she was there to pick up property of Troy Battle.

19. Without warning or cause, plaintiff was placed under arrest by Detective Greene, but she was not told why she was being arrested.

20. Plaintiff was handcuffed and placed in a holding cell at the Precinct where she was held for several hours without any cause or explanation.

21. Plaintiff eventually learned that she was being charged with crimes related to the same incident for which Troy Battle had been arrested.

22. However, at no time on November 10, 2014, did Plaintiff commit any crime or violation of the law.

23. At no time on November 10, 2014, did defendants possess probable cause to arrest plaintiff.

24. At no time on or about November 10, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25. At no time on or about December 2, 2014 did plaintiff commit any crime or violation of law.

26. At no time on or about December 2, 2014 did defendants possess probable cause to arrest plaintiff.

27. At no time on or about December 2, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

28. Plaintiff was thereafter held for approximately thirty hours before being presented before a judicial officer who ordered her release on her own recognizance.

29. In connection with plaintiff's arrest, the defendants, including Defendant Greene, filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

30. Specifically, according to the Defendants, a witness to the November 10th robbery told the police that his store was robbed by one black male and one black female. However, the Plaintiff was arraigned on charges stemming from false allegations that she and two other individuals robbed the store in question.

31. Moreover, the Defendants initially obtained no physical description of any female perpetrator, other than that she appeared to be "black."

32. In reality, Plaintiff was not identified as a perpetrator of the subject robbery and she did not witness or hear anyone identify her as having committed a crime.

33. If any identification had occurred it was either improperly procured by the Defendants or its reliability should have been immediately questioned by the Defendants given the time gap between the crime and the identification and the lack of any identifying characteristics provided by the witness on the date of incident.

34. Moreover, upon information and belief, there is a video recording of the subject robbery which clearly does not depict Ms. Bookman.

35. The defendants were in possession of this recording and watched it while they detained Ms. Bookman in the precinct.

36. The Defendants showed this recording to Mr. Battle, who told the Defendants that the woman pictured in the recording was clearly not Ms. Bookman.

37. Nonetheless, in an effort to close the investigation of the robbery, the Defendants continued to detain Elise Bookman and caused her to be criminally charged.

38. As a result of the defendants' conduct, the plaintiff, ELISE BOOKMAN, was charged with Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.

39. Despite defendants' actions, the proceedings against plaintiff were adjourned in contemplation of dismissal on April 16, 2015.

40. As a result of the foregoing, plaintiff ELISE BOOKMAN sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional right.

41. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. § 1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF
## FOR FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff ELISE BOOKMAN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

30. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege, or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

32. Plaintiff ELISE BOOKMAN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

33. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

34. As a result, plaintiff suffered deprivation of her liberty, as she was required to make numerous court appearances to contest the false accusations against her.

35. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

36. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. Defendants arrested, searched, and incarcerated plaintiff ELISE BOOKMAN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

41. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

42. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ELISE BOOKMAN.

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

45. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

46. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

47. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.    an order awarding compensatory damages in an and mount to be determined at trial;

    ii.    an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

      iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 5, 2016

          Respectfully submitted,
          **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
          *Counsel for the Plaintiff*


          /S/


          JESSICA S. MASSIMI (JM-2920)
          32 Old Slip, 8th Floor
          New York, New York 10005
          (212) 962-1020